## EL PUEBLO *v.* ORTIZ.

### APELACIÓN procedente de la Corte de Distrito de Ponce.

No. 10.—Resuelto en Junio 14, 1904.

ACUSACIÓN—EXCEPCIÓN PERENTORIA—ACUMULACIÓN DE ACUSACIONES.—Una solicitud del acusado solicitando que se acumulen en una sola acusación, cuatro acusaciones más formuladas contra él por iguales delitos, no constituye materia de excepción perentoria con arreglo al artículo 150 en relación con los 153 y 161 del Código de Enjuiciamiento Criminal, y por consiguiente no incurre en error el Tribunal que deniegue la admisión de tal excepción.

ID.—EXCEPCIÓN FORMULADA EN EL ACTO DEL JUICIO.—Salvo lo dispuesto en el artículo 161 del Código de Enjuiciamiento Criminal, la excepción perentoria no puede presentarse en el acto del juicio oral, después de haber sido leida la acusación, formulados los cargos y haberse juramentado los testigos del Fiscal, y en todo caso, dicha excepción deberá formularse por escrito.

PRUEBAS.—El hecho de que un testigo no hubiere traido consigo, al juicio, sin ser requerido para ello, ciertos documentos que tuviere en su posesión y cuya presentación pudiera interesar al acusado, no es motivo para prescindir de su testimonio, que bajo ningún concepto puede subordinarse á la presentación ó no de tales documentos, los que por otra parte pueden ser traidos y ofrecidos como prueba oportunamente por el propio acusado.

ID.—ABUSO DE CONFIANZA.—La circunstancia de que un empleado, que hubiere cometido el delito de abuso de confianza disponiendo de bienes pertenecientes á su principal, hubiere percibido ó no sus salarios correspondientes durante el tiempo por que fué empleado, en nada puede desnaturalizar la acusación, ni atenuar la responsabilidad del culpable, por lo que no constituye error la denegación de prueba sobre tal particular.

Id.—La circunstancia de que el Fiscal proponga como prueba determinados documentos, y no otros, que puedan interesar al acusado, no constituye motivo alguno para rechazar la prueba ofrecida, pués la omitida por el Fiscal puede ofrecerse y presentarse por el acusado, al que la ley presta toda clase de garantías, pero deberá ejercitar sus derechos en la forma y en el tiempo que la ley determina.

Nuevo Juicio—Juicio por Jurado.—Si el acusado hubiere renunciado al juicio por jurado, no podrá alegar después, con éxito, en una moción de nuevo juicio, que fué privado de tal derecho sin su consentimiento ó permiso.

Id.—Descubrimiento de Nuevas Pruebas.—Alegado el descubrimiento de nuevas pruebas como motivo para que se decrete la celebración de nuevo juicio, no podrá admitirse tal motivo si no se hubieren cumplido los requisitos señalados en el No. 7 del artículo 303 del Código de Enjuiciamiento Criminal.

Id.—Pruebas.—Una prueba que no haya sido propuesta ú offecida por el acusado, no puede estimarse rechazada en contra de él.

Id.—Deficiencias ó Errores que Perjudican Derechos Sustanciales del Acusado—Juicio por Jurado ó Ante Tribunal de Derecho.—El Tribunal Supremo tiene facultades para conceder un nuevo juicio con el fín de corregir errores ó deficiencias que hayan perjudicado ó tiendan á perjudicar derechos substanciales del acuasdo, y tal facultad puede ejercerla sin limitación alguna, ya se trate de un juicio por jurado ó de alguno celebrado ante un Tribunal de derecho.

Los hechos están expresados en la opinión.

Abogado del apelado: *Sr. del Toro, Fiscal.*

La parte apelante no compareció.

El Juez Asociado Sr. Figueras, emitío la siguiente opinión del Tribunal.

El Fiscal expone los hechos con fidelidad en la forma siguiente:

"El presente es un recurso de apelación interpuesto contra una sentencia de la Corte de Distrito de Ponce, en un caso de abuso de confianza. El Fiscal formuló su acusación, debidamente jurada, en 11 de Agosto de 1903, consignando en ella el siguiente hecho. En Santa Isabel, Distrito Judicial de Ponce, en el mes de Abril, de 1903, el individuo Rómulo Ortiz, mayordomo de la hacienda "Obdulia" de Don Fernando Vendrell, dispuso ilegal y fraudulentamente de dos novillos pertenecientes á dicha hacienda, vendiéndolos á Francisco Casten en la suma de ciento cinco pesos, y apropiándose su importe. Estos novillos se distinguen por las señas siguientes: Uno color indio encendido con las marcas P. A. número 386 y F. A. V., número 55 y otro color hosco indio marcado F. A. V. número 61."

De los datos de la carpeta consta que la comparecencia del acusado para la lectura de la acusación se celebró en 27 de Agosto, renunciando el derecho á ser juzgado en juicio por jurado.

En 18 de Septiembre último, se celebró la vista. Despues de haber el Fiscal presentado sus cargos y ofrecido su prueba, el abogado defensor del acusado solicitó que se acumularan al acta del juicio, cuatro actas de acusación que se habian formulado contra el acusado por los mismos delitos, haciendo tal solicitud como excepción perentoria. El Fiscal se opuso y el Tribunal declaró sin lugar la excepción perentoria por haber sido presentada fuera de lugar. Continuó la celebración de la vista; y al declarar el perjudicado Vendrell, el abogado defensor del acusado solicitó que no se tuviera en cuenta su declaración, por no haber traido consigo los libros de la hacienda "Obdulia." El Tribunal resolvió en contrario. Luego el Tribunal declaró impertinente la siguiente pregunta hecha por el abogado defensor al perjudicado: "Usted le ha pagado sus salarios al acusado Rómulo Ortiz durante el tiempo que le ha tenido empleado." Continuó la practica de la prueba y en el momento en que el Tribunal iba á admitir cierto documento, el abogado defensor se opuso, alegando que puesto que no se habian traido los libros de la hacienda "Obdulia" no podía admitirse ninguna otra prueba documental. El Tribunal admitió la prueba y el Letrado tomó excepción.

Terminadas las pruebas, las partes informaron y el Tribunal finalmente, despues de haber desestimado una moción para nuevo juicio, dictó sentencia en 23 de Septiembre condenando al acusado como autor de un delito de abuso de confianza, á la pena de un año de presidio con trabajos forzados, bajo los fundamentos legales que se derivan de los artículos 345 y siguientes y 301 y siguientes del Código de Enjuiciamiento Criminal y 430 y 450 del Código Penal.

De dicha sentencia se apeló por el acusado, pero éste no se ha personado en esta Corte Suprema. Haciéndonos ahora car-

go de las pretensiones que se formularon en el acto de la cele-
bración del juicio, decimos que se procedió correctamente por
el Tribunal al no admitir la excepción que como perentoria se
formuló, consistente en que se acumulasen á esta acta cuatro
más de acusación formuladas contra el mismo acusado por
iguales delitos en que resulta el mismo Vendrell perjudicado.
No se trata de una verdadera excepción perentoria tal como
ésta se define en el artículo 150 del Código de Enjuiciamiento
Crimnal, ni de las objeciones á que se refiere el 153 que, se-
gún el 161, también pueden alegarse mediante excepción pe-
rentoria, si resultan de la acusación y con la salvedad que
dicho último artículo contiene, pero aún concediendo que sea
la alegada de las que la ley reconoce, siempre resultará que
fué presentada fuera de tiempo, cuando ya se habia leido la
acusación, se habian formulado los cargos y se habian jura-
mentado los testigos del Fiscal, no constando tampoco que la
tal excepción se formulara por escrito, todo como lo disponen
los artículos 152 y 154 del citado Código de Enjuiciamiento
Criminal. No pudo rechazarse la declaración del perjudi-
cado Don Fernando Vendrell por la sola razón de no haber
traido las cuentas del acusado con la hacienda "Obdulia."
porque si á éste le interesaba ese particular de prueba, pudo
traerlo á su debido tiempo, pere no pretender que el Fiscal y
el Tribunal prescindiesen de un testimonio importante que
bajo ningún concepto puede subordinarse á los libros de la
hacienda. Impertinente de todo punto fué la pregunta hecha
por el defensor al perjudicado, de si habia satisfecho al acu-
sado los salarios durante el tiempo que fué su empleado, y
como tal la declaró el Tribunal. Esa pregunta no tenia en
su resultado verdadera finalidad práctica, porque satisfechos
ó nó los salarios, ese hecho no desnaturalizaba el de la acusa-
sión, ni era por si solo bastante para atenuar la responsabili-
dad del culpable. La oposición formulada por la defensa del
acusado referente á que no se admitiese al Fiscal prueba
documental por no haberse traido los libros de las cuentas

de la hacienda "Obdulia," está también fuera de lugar. Si le interesaba, pudo proponer esa prueba el acusado y no habiéndolo hecho así, no hay derecho á privar al Juzgador de otros elementos que puedan producir en su ánimo la convicción necesaria. La ley no consiente esa pretendida y caprichosa subordinación, presta todo género de garantias al presunto culpable, pero ha de ejercitar todos sus derechos en la forma y en el tiempo que la misma determina.

Se solicitó también un nuevo juicio, bajo los fundamentos siguientes: •ᵉ

1°. Porque el acusado fué privado de su derecho á juicio por jurado sin su consentimiento ó permiso. Pero consta en la carpeta y en la comunicación del Presidente del Tribunal de Ponce de 17 de Mayo último, que consta en este rollo, que el acusado renunció al Jurado. 2°. Porque el veredicto es contrario á la prueba y á la ley. La sentencia está ajustada á la Ley y es el resultado de una prueba bien desarrollada y apreciada correctamente. 3°. Porque la Corte cometió errores varios durante el juicio á los que presentó excepción oportunamente el acusado. Ya se han discutido y rechazado todas las cuestiones propuestas. 4°. Porque el acusado ha descubierto nuevas é importantes pruebas despues del juicio que no le fué posible conseguir ántes. Inadmisible esta razón porque no se ha cumplido con los requisitos que exige para este caso, el número 7° del artículo 303 del Código de Enjuiciamiento. 5ª. Porque se rechazó la prueba de libros á pesar de ser la mejor evidencia. Esta prueba no pudo admitirse porque no se propuso por el acusado.

Ahora bien, la negativa de un nuevo juicio no puede fundarse, como consta de la sentencia, en la razón de que solo puede otorgarse en los casos de juicio por jurados, porque el artículo 364 del Código de Enjuiciamiento Criminal, faculta á esta Corte Suprema para esa concesión, sin limitación alguna, ya se trate de juicio por jurado, ó ya se trate de un juicio ante un Tribunal de derecho; y la razón es obvia, porque

no habría medios, en caso contrario, de colocar á dicho Tribunal en condiciones de subsanar ó corregir deficiencias ó errores que hayan perjudicado al acusado ó tiendan á perjudicarle en cuanto á algún derecho sustancial y á que se refieren los artículos 362 y 461 del Código de Enjuiciamiento Criminal. Esa tiene que ser la interpretación racional atendiendo á la necesidad de que no quede impune un verdadero delito ni se prive al presunto culpable de las garantias que la ley le concede, cuando ejercita sus derechos en debida forma. Pero examinado este proceso no hay nada que aconseje la celebración de un nuevo juicio ni se encuentra motivo alguno para revocar, ó modificar la sentencia apelada, cuya confirmación es procedente con las costas del recurso al apelante y esa es la opinión que sustentamos.

*Confirmada.*

Jueces concurrentes, Sres. Presidente Quiñones y Asociados, Hernández y MacLeary.

El Juez Asociado Sr. Sulzbacher no formó Tribunal en la vista de esta causa.