El Pueblo de Puerto Rico, demandante y apelado, *v.* Saturnino Torres, acusado y apelante.

No. 3197.—*Sometido:* Noviembre 16, 1927. *Resuelto:* Mayo 21, 1929.

*González Fayundo & González Jr.,* abogados del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Saturnino Torres fué acusado y condenado por delito subsiguiente, de acuerdo con el artículo 56, inciso 1º del Código Penal porque el 28 de diciembre de 1922, en el Distrito Judicial de Humacao dió muerte ilegal en un arrebato de cólera al ser humano Donata Díaz, conocida por Donata Fontánez, disparándole un tiro de revólver; habiendo sido convicto en 17 de mayo de 1917 del delito de asesinato en segundo grado y condenado a reclusión perpetua, cuya sentencia le fué conmutada por el Gobernador de esta Isla a veinte y cinco años de presidio el 18 de junio de 1921, no habiendo sido dicha sentencia revocada, anulada ni declarada sin lugar.

Alega el apelante en el primer motivo de su recurso que el veredicto que rindió el jurado en cuanto a su defensa de haber estado expuesto por el mismo delito es contrario a los hechos y a la ley.

En 1924 el apelante fué acusado por un gran jurado del delito de asesinato por haber dado muerte ilegal a Donata Díaz y habiendo sido convicto y condenado por ese delito interpuso recurso de apelación para ante este Tribunal Supremo. En 26 de mayo de 1926 lo resolvimos revocando la sentencia apelada y absolviendo al acusado por los motivos consignados en la opinión que con tal motivo fué escrita (34 D.P.R. 300). De ella aparece que a pesar de las objeciones hechas por el acusado en ese juicio fué admitida

prueba tendente a demostrar que la interfecta era Donata Fontánez; que al terminar el juicio, la corte permitió al fiscal que hiciera una enmienda a la acusación por virtud de la cual después de las palabras "Donata Díaz" se insertaron las palabras "conocida por Donata Fontánez": y que no hubo prueba tendente a demostrar que la interfecta fuera conocida alternativamente como se alegaba. En vista de esos hechos declaramos entonces que la enmienda hecha por el fiscal era de fondo, que no debió ser permitida y que hubo un fracaso en la prueba pues no se demostró que el acusado hubiera sido agente en el acto de dar muerte a Donata Díaz.

En vista de los hechos expuestos la única cuestión a resolver en este caso es si habiendo sido revocada la sentencia anterior a instancia y por recurso del acusado puede éste alegar ahora que estuvo expuesto a sufrir condena por aquella acusación y que por eso no puede ser juzgado nuevamente por la muerte de Donata Díaz, conocida por Donata Fontánez.

Es regla bien establecida por un gran número de decisiones que se citan en 16 C. J. 262, párrafo 437, entre las que figura la de la Corte Suprema de los Estados Unidos en el caso de *Murphy* v. *Massachusetts*, 177 U. S. 155, que un acusado está impedido de alegar una convicción anterior cuando ella ha sido revocada en recurso por él establecido. En el caso de *Murphy, supra,* dijo la Corte Suprema lo siguiente: "Al establecer su primer recurso el apelante en error voluntariamente aceptó el resultado, y está bien establecido que una persona convicta no puede por su propio acto hacer desvanecer el peligro (*jeopardy*) en que se encuentra y luego alegarlo como obstáculo al acusársele de nuevo." ". . . es muy claro que un acusado que solicita que se deje sin efecto una acusación contra él, puede ser juzgado de nuevo mediante la misma acusación o por una nueva, por el mismo delito de que fué convicto."

El caso de *People* v. *Oreileus*, 79 Cal. 178, es bastante análogo al presente, pues habiendo sido acusado Oreileus del

delito de acometimiento y agresión con arma mortífera en la persona de Fernida Lunier, en el juicio resultó que el agredido se llamaba Trinidad Sánchez, sin que fuera conocido o llamado con el nombre de Fernida Lunier, y el jurado, a petición del acusado, lo absolvió por la diferencia entre la acusación y la prueba. Fué acusado nuevamente de haber cometido ese delito en la persona de Trinidad Sánchez y habiendo sido declarado culpable apeló sosteniendo su alegación de haber estado antes en peligro de ser condenado por el mismo delito, pero fundándose la corte en el artículo 1021 del Código Penal, igual al 167 de nuestro Código de Enjuiciamiento Criminal, rechazó esa alegación y confirmó esa sentencia. Ambos artículos, en lo necesario dicen así: "Si el acusado hubiere sido anteriormente absuelto por existir divergencia entre la acusación y la prueba . . . esto no constituirá absolución del mismo."

Y en el caso de *People* v. *McNeally*, 17 Cal. 333, se declaró que cuando un acusado es absuelto porque existe diferencia entre la acusación y la prueba, siendo la diferencia de tal naturaleza que legalmente es imposible una condena, él no ha estado expuesto (*jeopardy*) de acuerdo con la Constitución y no puede alegar su anterior absolución como impedimento para una segunda acusación.

En el caso que entonces decidimos el acusado fué condenado por haber matado a Donata Fontánez, y por eso fué revocada la sentencia dictada contra él, por lo que no puede alegar con éxito que antes fué expuesto por haber matado a Donata Díaz.

El segundo motivo del recurso se funda en que al terminar el fiscal su prueba la corte debió absolver perentoriamente al apelante por no haber presentado prueba el fiscal de las alegaciones de su acusación en que se dice que la sentencia de reclusión perpetua dictada en 1917 contra el apelante no ha sido revocada, anulada ni declarada sin lugar y que el día 18 de junio de 1921 fué conmutada por el Gobernador de Puerto Rico a la de 25 años de presidio.

Habiendo probado el fiscal la condena anterior no tenía necesidad de probar también lo que había alegado sobre los extremos antes dichos, pues debe presumirse esa sentencia en toda su fuerza y vigor mientras no se pruebe lo contrario y por tanto era el acusado quien debía probar lo contrario por ser materia de defensa para él. 16 C. J. 1343; *State* v. *Rowan*, 146 Pac. 374; *Fall* v. *Commonwealth*, 110 S. W. 425; *State* v. *Findling*, 144 N. W. 142.

En el tercer motivo se alega que hubo error en las instrucciones dadas por la corte al jurado porque omitió definir y explicar el delito por el cual se acusaba al apelante.

Creemos que la instrucción dada por la corte al jurado en ese particular es suficiente, pues les dijo lo que sigue:

"Estamos en presencia de un caso por infracción al artículo 59, inciso 1º del Código Penal, contra este acusado que responde al nombre de Saturnino Torres.

"Este delito, señores del Jurado, es un delito subsiguiente. Según la ley, toda persona que realiza un delito y vuelve a cometer otro, esta reincidencia, esta repetición en el delincuente, es castigada en nuestro Código como un caso especial. El delito que nos ocupa es un delito subsiguiente de homicidio, y por homicidio se entiende dar muerte ilegal a un ser humano sin que medie malicia, y es de dos clases, voluntario e involuntario, siendo el primero, que es el que nos interesa en estos momentos, cuando la muerte tiene lugar con motivo de una súbita pendencia o de un arrebato de cólera.

"Y se acusa a Saturnino Torres, porque con anterioridad a la presentación de la acusación, o sea, allá por el día 28 de diciembre de 1922, y en el Distrito de Humacao, o sea en la Municipalidad de Humacao, que forma parte del Distrito Judicial de Humacao, P. R., le dió muerte ilegal, con ocasión de un arrebato de cólera, disparándole un tiro de revólver, al ser humano Donata Díaz, conocida también por Donata Fontánez. Y alega además la acusación, que el acusado Saturnino Torres fué convicto por el Jurado de Humacao, el día 17 de mayo de 1917, de un delito de asesinato en segundo grado, y fué sentenciado por dicha convicción, por la Corte de Distrito de Humacao, el día 21 de mayo de 1917, a la pena de reclusión perpetua, sentencia que le fué conmutada por el Gobernador de Puerto Rico a 25 años de presidio, el día 18 de

junio de 1921, no, habiendo sido dicha sentencia revocada, ni anulada ni declarada sin lugar.''

■ Por último dice el apelante que el veredicto es contrario a la prueba presentada.

Declaramos lo contrario, pues aparece de ella que el apelante era entonces un prófugo del presidio, que fué visto varias veces por el sitio donde vivía Donata Díaz, que era su mujer, y que la noche en que ocurrió la muerte de que se acusa al apelante éste fué visto entre ocho y nueve de la noche en la casa de Donata Díaz por Rosendo Algarín, quien vivía inmediato a ella y vió cuando el acusado cargó un revólver con dos balas y disparó un tiro en la cabeza de Donata Díaz, la que según varios testigos era conocida también por Donata Fontánez, la que cayó al suelo y después de estirarla en el piso y poner el revólver cerca de ella se marchó de la casa. El revólver fué encontrado cerca de la mano derecha de ella, teniendo dos cápsulas nuevas puestas, de las que sólo una estaba disparada y teniendo Donata una herida de bala en la sien izquierda que le produjo la muerte. Esta declaración fué creída por el jurado, en lo que no vemos que cometiera error alguno.

*La sentencia apelada debe ser confirmada.*

El Juez Asociado Sr. Texidor no intervino.