EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* RODRIGO MORALES ROSARIO, acusado y apelante.

Núm. 7260.—*Sometido:* Noviembre 22, 1938. *Resuelto:* Enero 20, 1939.

El apelante compareció por escrito; *R. A. Gómez, Fiscal,* abogado de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

Éste es un caso de escalamiento en primer grado en apelación, procedente de la Corte de Distrito de San Juan. La acusación lee como sigue:

"El Fiscal formula acusación contra Rodrigo Morales Rosario, por un delito de escalamiento en primer grado subs. (*felony*) cometido de la manera siguiente: El referido acusado, Rodrigo Morales Rosario, allá por el día 18 de diciembre de 1936, y en San Juan, Puerto Rico, que forma parte del distrito judicial del mismo nombre, ilegal, voluntaria y maliciosamente, penetró, en horas de la noche, en el establecimiento comercial, perteneciente a y de la propiedad de Teodoro Vidal Sánchez, Sucrs., con la intención entonces y allí de cometer hurto.

"El acusado, Rodrigo Morales Rosario, antes de cometer el delito que se le imputa en esta acusación extinguió una condena en la Cárcel de Distrito, un año de cárcel, que le fuera impuesta por la Corte Municipal de San Juan, P. R., en 3 de octubre de 1931, por un delito de Hurto Menor."

De la prueba presentada por el fiscal resulta que el día 18 de diciembre de 1936 el acusado, acompañado de dos individuos más, solicitó los servicios del testigo Luis Ramos Rodríguez para conducir cierta mercancía a Santurce; que Ramos era chófer de un automóvil público; que después de recoger unos bultos en un cafetín cerca del muelle fueron a las afueras de Santurce y bajaron los bultos; que luego regresaron a San Juan y se bajaron en el establecimiento de Teodoro Vidal Sánchez, en la calle Tetuán núm. 37; que penetraron en el mencionado establecimiento levantando un pestillo de una de las puertas que dan al Recinto Sur el acusado y uno de sus compañeros, quedándose el tercero en la acera; que del interior del almacén los primeros dos tiraban unos bultos que el tercero echaba en el automóvil; que dichos bultos consistían en unos cartones de cigarrillos y cajas de licores y quesos; que posteriormente se dirigieron al barrio La Perla, dejando allí la mercancía en un establecimiento; que prestando como garantía dicha mercancía, el dueño de la tienda le facilitó algún dinero en calidad de préstamo; y que finalmente la policía ocupó los efectos y arrestó al acusado.

Para probar estos extremos, el Fiscal presentó las declaraciones del chófer Ramos; del detective Arturo Bernard,

quien hizo la investigación; de Roque Rivera, dueño del mencionado establecimiento en el barrio La Perla, y de Andrés A. Lugo, alcaide de la cárcel de distrito de San Juan.

Visto el caso en la Corte de Distrito de San Juan, el jurado rindió un veredicto de culpabilidad y en virtud del mismo la corte condenó al acusado a sufrir quince años de presidio.

De esta sentencia apela el acusado, radicando en su defensa seis documentos escritos por su propio puño y letra y los cuales titula "alegatos," cuando en realidad constituyen señalamientos de errores. Aún cuando el alegato es informal, las cuestiones que en el mismo se levantan son importantes y merecen ser consideradas.

■ Alega el apelante que le fué nombrado un abogado de oficio en el momento de entrar a juicio. No aparece del récord que en la vista ante el tribunal inferior el abogado defensor pidiese que se le concediera un período de tiempo razonable para prepararse para el juicio, según dispone la "Ley referente al nombramiento de defensor en causas criminales," aprobada en marzo 9 de 1905, pág. 210 (Comp. 6158–6160). Ya la corte inferior había cumplido con los preceptos del artículo 141 del Código de Enjuiciamiento Criminal nombrando abogado defensor de oficio al Lic. César Andréu, quien desgraciadamente no pudo comparecer a la vista.

En *El Pueblo* v. *Plata,* 36 D.P.R. 590, se dice: "Cuando un acusado solicita el nombramiento de un abogado y los indicios son todos de que es insolvente, el no nombrársele, en caso importante de delito grave, lleva consigo la revocación." Pero más adelante se dice: "Aparece, tal como hemos indicado, que el acusado al comenzar el juicio solicitó del juez que presidía la corte que le nombrara un abogado" (pág. 598). Pero en el presente caso no aparece tal situación. El acusado compareció a la vista representado por el Lic. Román Díaz Collazo, y no se levantó en ningún momento la cuestión de que se le concediera al letrado un período de

tiempo razonable para prepararse para el juicio. Es cierto que toda persona acusada de la comisión de un delito y su abogado tienen derecho a que se les conceda un tiempo razonable para prepararse para el juicio después de haberle sido leída la acusación (16 C. J. 815). Pero si el abogado defensor entra a juicio sin solicitar un término para preparar su defensa, la corte está justificada al presumir que el acusado ha renunciado a su derecho y que se encuentra preparado para defenderse.

La segunda cuestión que levanta el apelante se refiere a la denegación de la moción sobre eliminación de la parte de la acusación que le imputa al acusado la convicción por un delito anterior.

La cuestión se levantó el día de la vista en la corte inferior y el juez la desestimó por ser tardía. Aunque no constan los fundamentos, la resolución probablemente se basa en los artículos 152 y 161 del Código de Enjuiciamiento Criminal y la jurisprudencia que los interpreta.

En *El Pueblo* v. *Trápaga,* 15 D.P.R. 211, se dijo: ''Solamente las excepciones determinadas por falta de jurisdicción o por carencia de materia delictiva pueden alegarse en cualquier estado del juicio, según el art. 161 del Código de Enjuiciamiento Criminal.'' Y *El Pueblo* v. *Ortiz,* 7 D.P.R. 140: ''Salvo lo dispuesto en el artículo 161 del Código de Enjuiciamiento Criminal, la excepción perentoria no puede presentarse en el acto del juicio oral, después de haber sido leída la acusación, formulados los cargos y haberse juramentado los testigos del fiscal, y en todo caso, dicha excepción deberá formularse por escrito.'' Más claro aún se explica en *El Pueblo* v. *Alomar,* 10 D.P.R. 297: ''No comete error el tribunal que se niega a considerar unas excepciones previas contra la acusación presentadas por el acusado al empezar el juicio, no quedando perjudicados los derechos del acusado, pues si éste ha alegado no ser culpable, puede, bajo tal alegación, impugnar en el juicio cualquier defecto substancial que contenga la acusación, o después del juicio, en

una moción para que se suspenda el pronunciamiento de la sentencia.''

Siendo tardía la cuestión levantada el día de la vista en la corte inferior, no puede declararse oportuna ahora en apelación.

■ En el tercer señalamiento alega el apelante que existe un delito subsiguiente solamente cuando el acusado ha cometido más de un delito del mismo calificativo.

La acusación en el presente caso es por un delito de escalamiento en primer grado subsiguiente. El fiscal de la corte inferior alegó y probó que el acusado anteriormente extinguió una condena de un año de cárcel impuéstale por un delito de hurto menor.

Que el acusado fué convicto anteriormente de un delito de hurto, por el cual extinguió una condena en la cárcel de distrito, quedó probado con la certificación de la Corte Municipal de San Juan, donde se le impuso la condena, y con la declaración del alcaide de cárcel y el récord del penal acreditando que el acusado había extinguido esa misma condena.

En *El Pueblo* v. *Torres,* 39 D.P.R. 605, se dice: ''Habiendo probado el fiscal la condena anterior no tenía necesidad de probar también lo que había alegado sobre los extremos · antes dichos, pues debe presumirse esa sentencia en toda su fuerza y vigor mientras no se pruebe lo contrario y por tanto era el acusado quien debía probar lo contrario por ser materia de defensa para él.'' Sostenido en 16 C. J. 1.343, *State* v. *Rowan,* 146 Pac. 374, *Tall.* v. *Commonwealth,* 110 S. W. 425, *State* v. *Findling,* 144 N. W. 142.

La alegación del apelante de que la reincidencia tiene que ser necesariamente respecto a actos exactamente iguales como constitutivos del delito, probablemente se basa en que la presente acusación se refiere al delito de escalamiento en primer grado, mientras que la convicción anterior fué por un delito de hurto menor.

La sentencia recurrida, por la cual se impuso al acusado la pena máxima señalada en el artículo 410· del Código Penal

para el delito de escalamiento en primer grado, por tratarse de un delito subsiguiente, se ajusta a lo dispuesto en el Artículo 57 del mismo código (ed. 1937), que dice:

"No. 57.—DELITO DESPUÉS DE CONVICCIÓN DE HURTO DE MENOR CUANTÍA, ETC. Todo reo convicto de hurto de menor cuantía, o tentativa de cometer algún delito que, de llevarse a cabo, aparejaría pena de presidio, si cometiere cualquier delito después de dicha convicción, será castigado según se expresa a continuación:

"1. CUANDO APAREJA PENA DE PRESIDIO PERPETUO. Si el delito subsiguiente fuere de tal naturaleza que en primera convicción aparejaría presidio perpetuo, a discreción del tribunal, dicho reo será castigado con pena de presidio perpetuo.

"2. OTRAS PENAS. Si el subsiguiente delito fuere de tal naturaleza que, en primera convicción, aparejaría pena de presidio temporal, dicho reo será castigado con pena de reclusión temporal en su grado máximo, convicto que fuere del delito por primera vez.

"3. Si la subsiguiente convicción fuere de hurto de menor cuantía a tentativa de cometer algún delito que, de realizarse, aparejaría pena de presidio, dicho reo será castigado con pena de presidio por un término máximo de cinco años."

Los demás puntos levantados por el apelante se refieren a aparentes errores en la apreciación de la prueba por la corte inferior. Hemos examinado cuidadosamente la transcripción de la evidencia y la consideramos ampliamente suficiente para sostener la acusación, sin que hayamos podido encontrar que en su apreciación se haya cometido error alguno.

*Debe confirmarse la sentencia apelada.*

Los Jueces Sres. Presidente Del Toro y Asociado De Jesús no intervinieron.