El Pueblo de Puerto Rico, demandante y apelado, *v.*
Ernesto González Rivera, acusado y apelante.

Núm. 8333.—*Sometido:* Junio 3, 1941. *Resuelto:* Junio 5, 1941.

*Ciro Malatrasi, Jr.,* abogado del apelante; *Hon. Procurador General
George A. Malcolm, R. A. Gómez, Fiscal del Tribunal Supremo* y
*Luis Negrón Fernández, Fiscal Auxiliar,* abogados de El Pueblo,
apelado.

El Juez Asociado Señor Todd, Jr., emitió la opinión del
tribunal.

Ante la Corte de Distrito de Bayamón el 18 de enero de
1940 se radicó una acusación contra Ernesto González Rivera,
que dice así:

"El Fiscal formula acusación contra Ernesto González Rivera,
por un delito subsiguiente de Escalamiento en Primer Grado, *felony,*
cometido de la manera siguiente:

"Allá por la noche del 12 al 13 de junio de 1938, y en la ciudad
de Bayamón, Puerto Rico, que forma parte del Distrito·Judicial del
mismo nombre, el referido acusado Ernesto González Rivera, ilegal,
voluntaria y maliciosamente y con el propósito de cometer hurto, pe-
netró en el establecimiento mercantil de R. Cámara & Cía. S. en C.,
Sucrs., sito en la calle Comerío de dicha ciudad, y de allí y entonces
sustrajo 11 latas de aceite de medio galón cada una, 10 jamones, 50
libras de café en grano.

"Este delito es subsiguiente porque el referido acusado Ernesto González Rivera ha sido anteriormente convicto y sentenciado como sigue: por la Corte de Distrito de San Juan, en agosto 25 de 1928, a sufrir la pena de un año de presidio, por delito de escalamiento en primer grado; por la misma corte y en dos casos de escalamiento en primer grado, en 21 de septiembre de 1931, a sufrir un año de presidio en cada caso; por la Corte de Distrito de Bayamón, en 21 de septiembre de 1931, a un año seis meses de presidio por delito de escalamiento en primer grado; y por la Corte de Distrito de Aguadilla, en 24 de septiembre de 1931, a sufrir dos años de presidio por el mismo delito, cuyas sentencias ha extinguido totalmente el acusado.

"Este hecho es contrario a la ley para tal caso prevista y a la paz y dignidad de 'El Pueblo de Puerto Rico.' "

Le fué leída al acusado que hizo alegación de inocente y solicitó juicio por jurado.

El día 18 de abril de 1940, día señalado para celebrarse el juicio y después de constituído el jurado, el acusado, al preguntársele por el juez qué alegación hacía a la acusación contestó, por conducto de su abogado defensor, lo siguiente:

"Con la venia de la corte, señor Juez, en este caso nuestra contención principal es que no existe en el presente caso la calificación o grado de subsiguiente, toda vez que las condenas anteriores, que alegadamente se le imputan al acusado, son nulas, sin efecto ni valor alguno, ni pueden militar como condenas subsiguientes contra el acusado por la razón de que en todas y cada una de las alegadas condenas que se le imputan al acusado, no estuvo en momento alguno asistido de abogado; se declaró culpable voluntariamente y tampoco en momento alguno fué advertido de su derecho constitucional a estar representado por abogado. Nuestra contención, Honorable Señor, es que, refiriéndonos, desde luego, exclusivamente a las alegadas condenas que se imputan como sentencias anteriores en grado de subsiguiente, en cuanto a esas condenas que son de las que viene a responder el acusado con motivo del grado de subsiguiente . . . Nosotros estamos en condiciones de demostrarle a esta Honorable Corte que en ninguna de esas condenas y en ninguna de esas sentencias, estuvo el acusado representado por abogado ni tampoco fué advertido de su

derecho constitucional a estar representado por abogado. Respetuosamente sostenemos que esas condenas son nulas y que no pueden tener valor ni efecto a los fines de la imputación de subsiguiente.

". . . . Ahora bien, en cuanto a los hechos de este caso y, a los fines de abreviar y en beneficio de una más rápida administración de justicia, estamos dispuestos a aceptar, por haber tenido una confesión del acusado, la culpabilidad del acusado en cuanto a los hechos que se le imputan con referencia al escalamiento del cual viene a responder. En este momento sí objetamos y planteamos ante V. H. la situación del acusado: que no debe ser ni puede ser condenado por Escalamiento en Primer Grado (*sic*), toda vez que en las condenas anteriores no fué representado por abogado.

"La Corte: ¿El acusado acepta que él fué convicto y sentenciado en los casos que constituyen el subsiguiente?

"Sr. Rivera Cestero: Con la sola diferencia de las fechas. Sí, él acepta eso, pero sostiene que esas condenas son nulas."

La corte inferior resolvió, sustancialmente, que el haber alegado la nulidad de las sentencias anteriores en el acto del juicio constituía un ataque colateral a las mismas e improcedente y declaró sin lugar la moción del abogado defensor para que se decretara dicha nulidad y se negó asimismo a admitir la prueba que el abogado dijo tenía para demostrarla. Preguntó entonces el juez si se aceptaba o no por el acusado que había sido convicto anteriormente por los delitos alegados en la acusación y tanto personalmente como por conducto de su abogado el acusado lo aceptó. Instruyó entonces la corte al jurado para que rindiera un veredicto declarándolo culpable del delito de escalamiento en primer grado subsiguiente y así lo hizo el jurado. A petición del acusado el juez dictó la sentencia en el mismo acto condenándolo a cumplir diez años de presidio. De esta sentencia apela el acusado y alega que la corte inferior cometió error al declarar sin lugar su moción atacando la validez de las sentencias en que se basaba la calificación de subsiguiente del delito imputado, al negarse a aceptar y considerar la prueba ofrecida por el acusado y al registrar (*to enter*) una alegación de culpabilidad por confesión del acusado.

■ Los tres errores pueden discutirse y resolverse conjuntamente. La alegación de culpabilidad condicional que hizo el acusado en este caso era claramente inadmisible e improcedente. Desde el 18 de enero, fecha en que se radicó la acusación, hasta el día 18 de abril en que se celebró el juicio habían transcurrido tres meses en que el acusado tuvo amplia oportunidad de plantear cualquier cuestión legal en contra de la acusación. Esperar, no sólo hasta el mismo día del juicio, sino hasta después de haberse seleccionado el jurado que había de intervenir en la causa, para promover colateralmente la nulidad de unas sentencias que ya el acusado había cumplido, era más que tardío. En el caso de *El Pueblo* v. *Morales,* 54 D.P.R. 106, en el que se planteó una cuestión similar, se resolvió lo siguiente:

"La segunda cuestión que levanta el apelante se refiere a la denegación de la moción sobre eliminación de la parte de la acusación que le imputa al acusado la convicción por un delito anterior.

"La cuestión se levantó el día de la vista en la corte inferior y el juez la desestimó por ser tardía. Aunque no constan los fundamentos, la resolución probablemente se basa en los artículos 152 y 161 del Código de Enjuiciamiento Criminal y la jurisprudencia que los interpreta.

"En *El Pueblo* v. *Trápaga,* 15 D.P.R. 211, se dijo: 'Solamente las excepciones determinadas por falta de jurisdicción o por carencia de materia delictiva pueden alegarse en cualquier estado del juicio, según el art. 161 del Código de Enjuiciamiento Criminal.' Y *El Pueblo* v. *Ortiz,* 7 D.P.R. 140: 'Salvo lo dispuesto en el artículo 161 del Código de Enjuiciamiento Criminal, la excepción perentoria no puede presentarse en el acto del juicio oral, después de haber sido leída la acusación, formulados los cargos y haberse juramentado los testigos del fiscal, y en todo caso, dicha excepción deberá formularse por escrito.' Más claro aún se explica en *El Pueblo* v. *Alomar,* 10 D.P.R. 297. 'No comete error el tribunal que se niega a considerar unas excepciones previas contra la acusación presentadas por el acusado al empezar el juicio, no quedando perjudicados los derechos del acusado, pues si éste ha alegado no ser culpable, puede, bajo tal alegación, impugnar en el juicio cualquier defecto substancial que contenga la acusación, o después del juicio, en una moción para que se suspenda el pronunciamiento de la sentencia.'

"Siendo tardía la cuestión levantada el día de la vista en la corte inferior, no puede declararse oportuna ahora en apelación."

Como puede verse, el caso de *El Pueblo* v. *Alomar,* supra, citado por el apelante, no favorece su contención.

■ Habiendo el acusado aceptado, después del incidente a que nos hemos referido, su culpabilidad tanto en cuanto a los delitos anteriores como al de escalamiento en primer grado de que se le acusaba, no cometió error la corte inferior al instruir al jurado que rindiera veredicto en la forma en que lo hizo.

*Se confirma la sentencia apelada.*