[No. 12480. Department One. February 13, 1915.]

THE STATE OF WASHINGTON, *Respondent*, v.
EDWARD ROWAN, *Appellant*.[1]

ROBBERY—INFORMATION—VALUE OF PROPERTY—NECESSITY OF ALLEGATION. The value of the goods taken is not an element of the crime of robbery, and hence need not be alleged, under Rem. & Bal. Code, § 2418, which provides that "robbery is the unlawful taking of personal property from the person of another, . . . by means of force or violence of fear of injury."

CRIMINAL LAW—HABITUAL CRIMINALS—INDICTMENT AND INFORMATION—SUFFICIENCY. An information charging the accused with being an habitual criminal, under Rem. & Bal. Code, § 2286, need not negative the fact that the previous convictions had not been annulled or set aside, as that is matter of defense; since the statute simply provides that persons previously twice convicted shall be habitual criminals, without reference to any annulment of the previous convictions.

SAME—EVIDENCE—PREVIOUS CONVICTIONS. In a prosecution of an habitual criminal, under an information charging him as twice previously convicted of a felony, it is not error to admit evidence of three previous convictions.

SAME—EVIDENCE—ADMISSIBILITY OF CERTIFIED RECORD. Upon a prosecution for being an habitual criminal, proof of an original conviction of robbery in another state by a certified copy of the record

[1]Reported in 146 Pac. 374.

thereof is expressly authorized by Rem. & Bal. Code, § 1254, relating to the proof of records and proceedings of any court of any of the states of the United States.

Appeal from a judgment of the superior court for King county, Ronald, J., entered June 20, 1914, upon a trial and conviction of robbery and of being an habitual criminal. Affirmed.

*Welch & Dore,* for appellant.

*John F. Murphy* and *S. H. Steele,* for respondent.

Holcomb, J.—Appeal from conviction of the crime of robbery, and further conviction of being an habitual criminal. The information charging robbery accuses the appellant and two others as follows:

"That they, said Joseph Driscoll, Edward Rowan and Joseph Conroy, and each of them in the county of King, state of Washington, on the 27th day of January, 1914, did then and there wilfully, unlawfully and feloniously, by means of force and violence to the person of one Ernest D. Sather, and by putting said Ernest D. Sather in fear of injury to his person, from the person and against the will of said Ernest D. Sather, one (1) watch, one (1) pocket knife, one (1) pair of gloves and one (1) fountain pencil, the property of said Ernest D. Sather, take, steal and carry away."

Upon a verdict of guilty, appellant moved for a new trial, which motion was denied. Thereafter a supplemental information was filed, charging him with being an habitual criminal, as follows:

"That the said Edward Rowan, on the 19th day of December, 1907, in the county of San Francisco and state of California, was then and there duly and legally convicted of the crime of grand larceny, the same being a felony at that time and at all times since under the laws of the state of California.

"That on the 17th day of November, 1909, in San Francisco county and state of California, the said Edward Rowan was then and there duly and legally convicted of the crime

of robbery, the same being a felony at that time and at all times since under the laws of the state of Washington.

"That on the 11th day of March, 1914, the said Edward Rowan, in the county of King and state of Washington, was then and there duly and legally convicted of the crime of robbery, the same being a felony."

Thereupon appellant was tried and convicted of all material facts stated in said supplemental information.

Appellant moved for a new trial under the supplemental information, and at the same time moved in arrest of judgment, attacking the validity of the original information for robbery; and also in arrest of judgment, attacking the validity of the supplemental information, all of which motions were denied.

(1) Appellant urges that it was error to overrule the motions for a new trial upon a conviction on the original information for robbery, because the information did not allege the value of the goods alleged to have been taken, or that they were of value. Under our statute, Rem. & Bal. Code, § 2418 (P. C. 135 § 331).

"Robbery is the unlawful taking of personal property from the person of another, or in his presence, against his will, by means of force or violence or fear of injury, immediate or future, to his person or property, or the person or property of a member of his family, or of any one in his company at the time of the robbery."

It will be seen that the value of the goods is not an element of the crime of robbery under this statute. It is no doubt true that respondent could have framed an information charging the appellant with robbery which would have included larceny both grand and petit, by making the necessary allegation of the value of the property taken, but it was not necessary for the respondent to do so. It could omit the lesser offenses or degrees of the offense if it so desired. In this information the offense charged was simply robbery, and included none of the lesser offenses, unless it be that of petit larceny. It may be, though it is not necessary to decide here,

that the information for robbery as drawn included the lesser offense of petit larceny. In framing indictments or informations under the various statutes, it is not necessary to state the value of the property, unless the degree of the crime for which the accused may be indicted or convicted depends thereon. 18 Ency. Plead. & Prac., 1229. The value of the property is immaterial so it has some value. There is no occasion, as there is in larceny, for alleging the value, as the punishment is not made to depend upon the value of the property taken. 1 McClain, Criminal Law, § 472.

Appellant cites cases from this court: *State v. Johnson*, 19 Wash. 410, 53 Pac. 667; *State v. Morgan*, 31 Wash. 226, 71 Pac. 723; *State v. Dengel*, 24 Wash. 49, 63 Pac. 1104; *State v. Hatch*, 63 Wash. 617, 116 Pac. 286, where it was held that an information in the language of the statute, not alleging that the property taken by robbery was the property of another and not of the accused, was insufficient. Those cases are not in point here. It is well settled that charges of robbery must negative the idea that the property taken was the property of the accused. Further authorities on this question, to the effect that allegations of value are not necessary, are as follows: 1 Wharton, Criminal Evidence (3d ed.), § 126; *Williams v. State*, 10 Tex. App. 8; *State v. Perley*, 86 Me. 427, 30 Atl. 74, 41 Am. St. 564; *State v. Burke*, 73 N. C. 83; *Williams v. State*, 34 Tex. Cr. 523, 31 S. W. 405; *State v. La Chall*, 28 Utah 80, 77 Pac. 3.

(2) The motions in arrest of judgment, interposed to the conviction on the supplemental information were properly denied. Appellant cites *State v. Austin*, 113 Mo. 538, 21 S. W. 31; *State v. Loehr*, 93 Mo. 103, 5 S. W. 696; and *Wood v. People*, 53 N. Y. 511. An examination of these cases discloses that such informations or indictments in those states would be required to follow the statute in each of those states, which, in Missouri, provides for conviction on repeated offenses of the same kind where "the accused had been

6—84 WASH.

discharged on compliance with the sentence or pardoned;"
and in New York, where the statute provided for subsequent
conviction for repeated offenses, "where the accused had been
convicted and a discharge of the person either upon being
pardoned or upon the expiration of his sentence." There is
no such provision in this state. The statute, Rem. & Bal.
Code, § 2286 (P. C. 135 § 67), simply provides that every
person convicted in this state of any crime of which fraud
or intent to defraud is an element, or of petit larceny, or of
any felony, who shall have previously been twice convicted,
whether in this state or elsewhere, of any crime which under
the laws of this state would amount to a felony, shall be pun-
ished as an habitual criminal by imprisonment in the state
penitentiary for life. It is not necessary under this statute
to negative the proposition that the previous convictions had
not been annulled or set aside and had become final. In such
case it would be incumbent upon the accused, if he could, to
show by way of defense that the previous convictions had
been annulled or set aside and had not become final. Nor was
it error for the state to show in its main case in the trial
on the supplemental information, that the appellant had not
only been twice previously convicted of a felony, but had
three times been so convicted. Neither was it error to prove
the conviction on the original charge of robbery by a cer-
tified copy of the record thereof. The statute, Rem. & Bal.
Code, § 1254 (P. C. 81 § 1133), expressly authorizes such
proof.

There is no error shown in the record. Affirmed.

MORRIS, C. J., CHADWICK, MOUNT, and PARKER, JJ., con-
cur.