[No. 12618.   Department Two.   October 28, 1915.]

THE STATE OF WASHINGTON, *Respondent*, v. GUS GUSTAFSON, *Appellant.*[1]

CRIMINAL LAW—HABITUAL CRIMINALS—TIME FOR TRIAL—STATUTES —CONSTRUCTION—REPEAL. The habitual criminal act of 1909 (Rem. & Bal. Code, § 2286), covering the whole subject-matter of the act of 1903, Id., §§ 2177 and 2178, and embracing new provisions, without fixing any time for the trial, was intended not only as a substitute, but to cover the whole subject-matter; and hence repeals the provision of the earlier act that the accused must be brought to trial within five days after serving the information.

CRIMINAL LAW—TRIAL—INSTRUCTIONS—FAILURE TO TESTIFY. Under Rem. & Bal. Code, § 2148, providing that it shall be the. duty of the court to instruct that no inference of guilt should arise against the accused on account of his failure to testify, it is reversible error not to do so, whether the instruction was requested or not.

STATUTES—JUDICIAL CONSTRUCTION—ADOPTION. The amendment of an act retaining language that had received judicial interpretation will be assumed to sanction the court's construction.

Appeal from a judgment of the superior court for King county, Mackintosh, J., entered November 14, 1914, upon a trial and conviction of being an habitual criminal. Reversed.

*A. G. McBride*, for appellant.

*Alfred H. Lundin* and *Lane Summers*, for respondent.

MORRIS, C. J.—Appellant, having been convicted below of the crime of being an habitual criminal, appeals.

Three errors are assigned. The first two, if sustained, call for a dismissal; .the third, for a reversal. First, it is contended that the information does not state facts sufficient to constitute a crime. Without setting out the information, it will be sufficient to say that, allowing for the difference in the nature of the crime charged, the charging part of the in-

[1]Reported in 152 Pac. 335.

formation is identical with that sustained in *State v. Rowan*, 84 Wash. 158, 146 Pac. 374.

The second claim of error is that appellant was not brought to trial within five days after the service of the information. This contention is based upon §§ 2177 and 2178, Rem. & Bal. Code (P. C. 135 §§ 1367, 1369), which are §§ 1 and 2 of the act of 1903 (Laws 1903, pp. 125, 126), fixing the penalty for persons convicted a second and third time of felony, and are as follows:

"It shall be the duty of the prosecuting attorney of any county, as soon as he has knowledge that a person indicted or informed against for felony, has been once or twice before convicted of any crime which under the laws of this state would amount to a felony, either within this state or elsewhere, to file and serve upon such person another information, setting fourth (forth) the fact of such former conviction or convictions, with the time and place when and where such former convictions occurred." Rem. & Bal. Code, § 2177.

"If the defendant pleads guilty to the principal charge, or, if after trial, he shall be found guilty of such principal charge by a jury, unless the defendant admit the fact of such former conviction or convictions, the court shall immediately, if such further information was served before the trial upon the principal charge, or if served after the commencement of the trial then within five days and before sentence, impanel a jury to try the fact of such former conviction or convictions, and if such jury find, from the record thereof, or other competent evidence, that such person has been once or twice before convicted of a crime, which under the laws of this state would amount to a felony, such jury shall make a return of such fact to the court. In case that such jury find that such person has been but once before convicted of a felony, the return shall show the time of his sentence under such former conviction." Rem. & Bal. Code, § 2178.

Answering this contention, the state asserts that the information was filed under Rem. & Bal. Code, § 2286 (P. C. 135 § 67), which is § 34 of the criminal code as adopted in 1909. This section reads:

"Every person convicted in this state of any crime of which fraud or intent to defraud is an element, or of petit larceny, or of any felony, who shall previously have been convicted, whether in this state or elsewhere, of any crime which under the laws of this state would amount to a felony, or who shall previously have been twice convicted, whether in this state or elsewhere, of petit larceny, or of any misdemeanor or gross misdemeanor of which fraud or intent to defraud is an element, shall be adjudged to be an habitual criminal and shall be punished by imprisonment in the state penitentiary for not less than ten years.

"Every person convicted in this state of any crime of which fraud or intent to defraud is an element, or of petit larceny, or of any felony, who shall previously have been twice convicted, whether in this state or elsewhere, of any crime which under the laws of this state would amount to a felony, or who shall previously have been four times convicted, whether in this state or elsewhere, of petit larceny, or of any misdemeanor or gross misdemeanor of which fraud or intent to defraud is an element, shall be punished by imprisonment in the state penitentiary for life." Laws 1909, p. 899, § 34.

Comparing these different provisions, it will be noted that the act of 1903 applies to felonies. The previous convictions must be for felonies committed within this state or elsewhere, and the information pending in this state must charge a felony, except that in § 4 the act is enlarged so as to embrace a charge of petit larceny against a person twice before convicted of petit larceny or a felony. The act of 1909 embraces any crime of which fraud or intent to defraud is an element, petit larceny or any felony in the principal charge and previous convictions of any misdemeanor, gross misdemeanor of which fraud or intent to defraud is an element, and felonies in the supplemental charge. The later act plainly covers the whole subject-matter of the earlier act, and in addition, embraces new provisions, clearly showing that it was intended not only as a substitute for the earlier act, but to cover the whole subject-matter. This being so, the latter act operates as a repeal of the former act, even though the former act is not repugnant to the new act. *State v. Carbon*

*Hill Coal Co.,* 4 Wash. 422, 30 Pac. 728; *State ex rel. Rose v. Hindley,* 67 Wash. 240, 121 Pac. 447. The same question was before us in *State v. Alexander,* 65 Wash. 488, 118 Pac. 645, and in disposing of it we said:

"This statute was passed in 1909. It is a later statute than § 2178, which was passed in 1903. Both statutes appear to have some provisions in common. Section 2178 requires the trial to be held within five days, while § 2286 makes no such provision. If the latter statute has not superseded § 2178, it is clearly an independent statute, and since no time is fixed for the trial, the general statute must govern. The trial, therefore, was not required to be held within five days."

Counsel for appellant states in his brief that we held in *State v. Miller,* 78 Wash. 268, 277, 138 Pac. 896, that § 2178 was not repealed by § 2286. Counsel is in error in so reading *State v. Miller.* No question arising under § 2286, or the habitual criminal act of 1909, was then before us. What we did there hold, and such holding has no application here, was that the habitual criminal act of 1903 was not repealed by the indeterminate sentence law of 1907, p. 341.

The remaining assignment is the failure of the court to instruct the jury that no inference of guilt should arise against the accused on account of his failure or refusal to testify in his own behalf. This was error. Section 2148, Rem. & Bal. Code (P. C. 135 § 1145), provides that it shall be the duty of the court to so instruct, and we have consistently held, whenever this provision has been before us, that the failure of the court to so instruct, with or without request, was reversible error. *Linbeck v. State,* 1 Wash. 336, 25 Pac. 452; *State v. Myers,* 8 Wash. 177, 35 Pac. 580, 756; *State v. Hanes,* 84 Wash. 601, 147 Pac. 193; *State v. Ross,* 85 Wash. 218, 147 Pac. 1149. It is noteworthy in connection with the state's attack on this rule that, though it was first announced in 1890, and affirmed in 1894, the legislature at its last session amended this section, but retained in the amendment the identical language of the original section as

to the duty of the court to so instruct. We may assume that such amendment was made with knowledge of the interpretation this court had previously placed upon this provision, thus giving legislative sanction to our ruling.

The judgment is reversed and a new trial ordered.

FULLERTON, ELLIS, and CHADWICK, JJ., concur.