[No. 13732.   Department One.   December 29, 1916.]

THE STATE OF WASHINGTON, *Respondent*, v. WILLIAM A. COTZ, *Appellant*.[1]

CRIMINAL LAW—HABITUAL CRIMINALS—INDICTMENT AND INFORMATION—SUFFICIENCY. An information charging the accused with being an habitual criminal under Rem. Code, § 2286, substantially in the language of the statute, is sufficient although it does not affirmatively allege that the prior convictions were had in courts of competent jurisdiction, nor formally plead each step in the procedure to final judgment.

SAME—HABITUAL CRIMINALS—INDICTMENT AND INFORMATION—SUFFICIENCY—STATUTES—REPEAL. Rem. & Bal. Code, § 2177, requiring that an information against an habitual criminal must set forth the fact, time and place of the former convictions, was repealed by Rem. Code, § 2286, a later enactment covering the whole subject-matter.

Appeal from a judgment of the superior court for King county, Dykeman, J., entered April 22, 1916, upon a trial and conviction of being an habitual criminal. Affirmed.

*Beeler & Sullivan*, for appellant.

*Alfred H. Lundin, Everett C. Ellis*, and *Joseph A. Barto*, for respondent.

ELLIS, J.—Defendant was charged with being an habitual criminal. From a conviction, judgment and sentence, he appeals.

The only question raised is as to the sufficiency of the information. Saving the differences in the nature of the crimes of which the prior convictions are charged, the information is couched in the same terms as that set out and sustained in the opinion of this court in *State v. Rowan*, 84 Wash. 158, 146 Pac. 374. It is therefore unnecessary to quote it here. Appellant urges that it is insufficient in that it is not affirmatively alleged that the prior convictions were had in a court or courts of competent jurisdiction, and in that each step in the procedure from indictment or information to final

[1] Reported in 161 Pac. 1191.

judgment is not formally pleaded. It is argued that this is necessary under the statute of 1903, Rem. & Bal. Code, § 2177, which required that the information should set forth "the fact of such former conviction or convictions, with the time and place when and where such former convictions occurred."

It would be a sufficient answer to say that the information here does set forth the fact, time and place of the former convictions; but in any event, it is a conclusive answer that the statute relied upon has been repealed and superseded by the criminal code of 1909, of which § 34 is Rem. Code, § 2286, under which the information here involved was filed. It was so held in *State v. Gustafson,* 87 Wash. 613, 152 Pac. 335. In *State v. Rowan, supra,* it was held, in effect, that an information, of which the one before us is almost a replica, was sufficient in that it charged the crime substantially in the language of the statute. True, the exact objection here raised was not there presented, but it was presented in the later case of *State v. Gustafson, supra,* as an examination of the record and briefs in that case discloses, and we there again held sufficient an information in every material particular the same as that in the *Rowan* case and as that here. It is a general rule that an information charging a statutory crime, substantially in the language of the statute defining the crime, is sufficient, if thereby the accused is adequately advised of the cause of the accusation against him. Joyce, Indictments, § 371, p. 415; *State v. Schuman,* 89 Wash. 9, 153 Pac. 1084; *State v. Lewis,* 42 Wash. 672, 85 Pac. 668. The information here meets this criterion. On the authority of the *Rowan* and *Gustafson* cases, we hold it sufficient. ·

The judgment is affirmed.

MORRIS, C. J., MAIN, and HOLCOMB, JJ., concur.

CHADWICK, J. (concurring)—I concurred in the case of *State v. Rowan,* 84 Wash. 158, 146 Pac. 374, and I concur in this opinion, but my concurrence is based not so much on

the argument and reasoning employed by the court in the two cases as upon what I conceive to be the deeper reason and the sounder principle, which I shall undertake to briefly state. The habitual criminal statute does not require a charge of a substantive crime. The sufficiency of the original information, the facts necessary to sustain a conviction, and the ordinary rules governing pleadings in criminal cases have no application whatever. When the prosecuting attorney has charged, by simple reference to the judgments, that a party has been convicted three times, he has done all that the law requires, for it is not a question of guilt or innocence, but merely a question involving a state of the record, either in the court where the charge is made, or some other court. It is necessary, when pleading a judgment, to say no more than that a judgment (describing it) was rendered in a certain court at a certain time. The only plea open to one so charged is that of *nul tiel record*, or that the judgment has been satisfied in some way recognized by the law.

Wherefore, if this reasoning be sound, our opinion should be sustained by reference to the rules of pleadings in civil actions rather than by reference to either the statutes or the rules of the common law for measuring the sufficiency of indictments and informations. I would prefer to place my vote for affirmance upon this ground.