PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* SATURNINO TORRES, Defendant and Appellant.

No. 3197. Argued November 16, 1927.—Decided May 21, 1929.

*González Fagundo & González Jr.* for the appellant. *José E. Figueras* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

Saturnino Torres was accused and convicted of subsequent crime in accordance with subdivision 1 of section 56 of the Penal Code in that on December 28, 1922, in the judicial district of Humacao he unlawfully killed, in a fit of passion, the human being Donata Díaz, known as Donata Fontánez, by shooting her with a revolver, he having been convicted on May 17, 1917, of murder in the second degree and sentenced to imprisonment for life, which was commuted by the Governor on June 18, 1921, to twenty-five years in the penitentiary, that judgment not having been reversed, annulled or vacated.

The appellant alleges in his first ground of appeal that the verdict rendered by the jury is contrary to the facts and the law as regards his defense of former jeopardy.

In 1924 the appellant was indicted by a grand jury for the crime of murder for having unlawfully killed Donata Díaz and after having been convicted and sentenced for that crime he appealed to this Supreme Court. On May 26, 1926, this court reversed the judgment appealed from and discharged the defendant for the reasons stated in the opinion delivered for that purpose. (34 P.R.R. 290). It appears therefrom that notwithstanding the objections made by the defendant at that trial evidence was admitted tending to show that the victim was Donata Fontánez; that at the conclusion of the trial the court allowed the district attorney to amend the indictment by inserting after the words "Donata Díaz" the words "known as Donata Fontánez," and that there was no evidence tending to show that the victim was known alternately as alleged. In view of those facts we then held that the amendment made by the district attorney was one of substance; that it should not have been permitted, and that there was a failure of evidence, there being no showing that the defendant had been instrumental in killing Donata Díaz.

It is a rule well established by a large number of cases cited in 16 C. J. 262, par. 437, among which is the decision of the United States Supreme Court in *Murphy* v. *Massachusetts*, 177 U. S. 155, that an accused is estopped to plead a prior conviction when his conviction has been reversed in an appeal taken by him. In that case the Supreme Court said: "'In prosecuting his former writ of error plaintiff in error voluntarily accepted the result, and it is well settled that a convicted person cannot by his own act avoid the jeopardy in which he stands, and then assert it as a bar to subsequent jeopardy. . . . it is quite clear that a defendant, who procures a judgment against him upon an indictment to be set aside, may be tried anew upon the same indictment, or upon another indictment, for the same offense of which he had been convicted.''

The case of *People* v. *Oreileus*, 79 Cal. 178, is very similar to the case under consideration. Oreileus was charged with assault and battery with a deadly weapon upon the person of Fernida Lunier and at the trial it resulted that the victim was called Trinidad Sánchez and was not known or called by the name of Fernida Lunier. On motion of the defendant the jury acquitted him by reason of the variance between the indictment and the evidence. He was accused again of having committed that crime upon the person of Trinidad Sánchez and after conviction appealed on the ground of former jeopardy for the same crime, but the court dismissed the appeal and affirmed the judgment of conviction under section 1021 of the Penal Code, which is the same as section 167 of our Code of Criminal Procedure. Both sections read in part as follows: "If the defendant was formerly acquitted on the ground of variance between the information and the proof . . . it is not an acquittal of the same offense.''

In *People* v. *McNeally*, 17 Cal. 333, it was held that when a defendant is acquitted because of a variance between the proof and the indictment, and the variance is such that a conviction is legally impossible, he has not been in jeopardy

within the Constitution, and can not plead his acquittal in bar to a second indictment.

In the former case before this court the defendant was convicted of having killed Donata Fontánez and for that reason the judgment against him was reversed; therefore he can not successfully plead former jeopardy for having killed Donata Díaz.

The second ground of appeal is based on the contention that when the district attorney concluded his evidence the court should have acquitted the appellant peremptorily because the district attorney had not proved the averments of the information that the judgment of 1917 sentencing the appellant to imprisonment for life had not been reversed, annulled or vacated and that on June 18, 1921, it was commuted by the Governor of Porto Rico to 25 years in the penitentiary.

The district attorney having proved the former conviction, he was not required to prove also his allegations in regard to the matters mentioned, as the judgment must be presumed to be in full force and effect until otherwise shown and therefore the burden was on the defendant to prove the contrary as a matter of defense. 16 C. J. 1343; *State* v. *Rowan,* 146 Pac. 374; *Fall* v. *Commonwealth,* 110 S. W. 425; *State* v. *Findling,* 144 N. W. 142.

The third error assigned refers to the instructions given to the jury because the court failed to define and explain the crime of which the appellant was accused.

We believe that the instruction in that respect given by the court to the jury was sufficient, as follows:

"This is a case of violation of subdivision 1 of section 59 of the Penal Code against this defendant whose name is Saturnino Torres.

"This crime, gentlemen of the jury, is a subsequent crime. According to the law, any person who commits a crime and again commits another is a subsequent offender and this repetition on the part of the offender is punished by our Code as a special offense. The offense with which we are dealing is a subsequent offense of manslaughter and manslaughter is defined as the unlawful killing of a

human being without malice and is of two kinds, voluntary and involuntary, and the former with which we are now dealing is the killing upon a sudden quarrel or fit of passion.

"The charge against Saturnino Torres is that prior to the filing of the information, that is, about December 28, 1922, in the municipal district of Humacao which forms a part of the judicial district of Humacao, he unlawfully killed in a fit of passion with a revolver the human being Donata Díaz known also as Donata Fontánez. It is also alleged in the information that the defendant Saturnino Torres had been convicted by a jury in Humacao on May 17, 1917, of murder in the second degree and sentenced by the District Court of Humacao on May 21, 1917, to life imprisonment, which sentence was commuted by the Governor of Porto Rico to 25 years in the penitentiary on June 18, 1921, said judgment not having been reversed, set aside or dismissed."

Finally the appellant says that the verdict is contrary to the evidence.

We hold otherwise, for it appears therefrom that the appellant was at the time an escaped convict who was seen several times around the place where Donata Díaz lived, and that on the night of the killing with which the appellant is charged he was seen between eight and nine o'clock at night in the house of Donata Díaz by Rosendo Algarín who lived near her and saw the defendant when he loaded a revolver with two cartridges and fired a shot at the head of Donata Díaz, known also, according to several witnesses, as Donata Fontánez, who fell to the floor. He left the house after stretching her out on the floor and placing the revolver by her side. The revolver was found near her right hand loaded with two new cartridges of which only one had been fired. Donata had a bullet wound in her left temple which caused her death. This testimony was believed by the jury and we see no error.

The judgment appealed from must be affirmed.

Mr. Justice Texidor took no part in the decision of this case.