PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* RODRIGO MORALES ROSARIO, Defendant and Appellant.

No. 7260. Argued November 22, 1938.—Decided January 20, 1939.

Appellant in the brief; *R. A. Gómez, Fiscal,* for appellee.

Mr. Justice Travieso delivered the opinion of the Court.

This is a prosecution for burglary in the first degree, appealed from the District Court of San Juan.

The information reads as follows:

"The district attorney files this information against Rodrigo Morales Rosario, for the offense of burglary in the first degree (subsequent), a felony committed as follows: The said defendant, Rodrigo Morales Rosario, on or about the 18th day of December, 1936, and at San Juan, Puerto Rico, which forms part of the judicial district of the same name, unlawfully, wilfully, and maliciously, entered, in the night time, the commercial establishment belonging to Teodoro Vidal Sánchez, Sucrs., with the intention then and there of committing larceny.

"Defendant Rodrigo Morales Rosario. before committing the offense charged in this information, served a prison term, one year in prison, imposed upon him by the Municipal Court of San Juan, P. R., on October 3, 1931, on a charge of petit larceny."

It appears from the evidence introduced by the Prosecutor that on December 18, 1936, accused, accompanied by two other persons, asked witness Luis Ramos Rodríguez to carry certain merchandise to Santurce; that Ramos was the chauffeur of a public automobile; that after picking up certain bundles from a café near the pier they went outside Santurce and dropped the bundles; that they then returned to San Juan and dropped in the establishment of Teodoro Vidal Sánchez, in Tetuán Street number 37; that the accused and one of his companions entered the said establishment by lifting the hatch from one of the doors that face the Recinto Sur, the third companion remaining on the sidewalk; that from inside the establishment the first two were throwing some bundles that the third placed in the automobile; that said bundles contained cigarette cartons and boxes of liquor and cheese; that afterwards they went to the ward of La

Perla, leaving the merchandise there in an establishment; that giving said merchandise as collateral, the owner of the store loaned them some money; and that finally the police occupied the merchandise and arrested the accused.

To prove these facts, the Prosecutor introduced the testimony of the chauffeur Ramos; of detective Arturo Bernard, who made the investigation; of Roque Rivera, owner of the above mentioned establishment in the ward of La Perla, and of Andrés Lugo, warden of the district jail of San Juan.

After hearing the case in the District Court of San Juan, the jury brought in a verdict of guilty and in virtue whereof the court sentenced the accused to 15 years in prison.

The accused appeals from this sentence, filing in his defense six documents written in his own handwriting, entitled "briefs," which are really assignments of errors. Even though the brief is informal, the questions raised on it are important and deserve consideration.

Appellant alleges that the court assigned counsel to defend him at the very moment he was going to trial. It does not appear from the record that in the hearing before the lower court counsel for the defense had asked for a reasonable extension to prepare for trial, as provided by "An Act relating to the appointment of counsel in criminal cases," approved March 9, 1905, page 135 (Comp. Stat. 6158–6160). The trial court had already complied with the provisions of section 141 of the Code of Criminal Procedure, assigning César Andréu, Esq., who unfortunately could not appear at the hearing, counsel to defend him.

It is said in *People* v. *Plata*, 36 P.R.R. 530, that "when a defendant makes a request for the appointment of counsel and it appears that he is insolvent, the failure to appoint counsel in an important case of felony is a cause for reversal." But further on it is said: "It appears, as we have indicated, that the defendant at the opening of the trial asked the judge who presided to appoint counsel," (page 538). But in the present case such circumstance does not

appear. Accused appeared at the hearing by counsel Román Díaz Collazo, Esq., and the question that no reasonable time was given counsel to prepare for trial was not raised at any moment. It is true that every person accused of a crime and also his attorney has a right to a reasonable length of time after the information has been read within which to prepare for trial. 16 C. J. 815. But if the attorney for the defense goes to trial without asking for time to prepare for trial, the court is justified in presuming that the accused has waived his right and that he is prepared to defend himself.

The second question raised by appellant refers to the denial of the motion to strike that portion of the information which charges the accused with conviction of a former offense.

The question was raised the day set forth for the hearing before the lower court and the judge overruled it because it was presented too late. Even though the grounds do not appear, the order is probably based on sections 152 and 161 of the Code of Criminal Procedure and in the decisions interpreting them.

In *People* v. *Trápaga,* 15 P.R.R. 196, it was said: "Only objections to the jurisdiction of the court or that the facts stated do not constitute a public offense may be raised at any stage of the proceedings according to section 161 of the Code of Criminal Procedure." And in *People* v. *Ortiz,* 7 P.R.R. 141: "Except as provided in section 161 of the Code of Criminal Procedure, a demurrer may not be pleaded at the trial after the information had been read, the offenses charged and the district attorney's witnesses sworn, and even then said demurrer must be pleaded in writing." It is more clearly explained in *People* v. *Alomar,* 10 P.R.R. 282: "It is not error for a court to refuse to consider a demurrer to an information filed by the defendant at the beginning of the trial, because his rights are not prejudiced, inasmuch as under a plea of not guilty he may attack any substantial

defect contained in the information, either during the trial or after verdict, by a motion in arrest of judgment.''

The question having been raised too late in the lower court cannot be sustained now on appeal.

In the third assignment appellant alleges that a subsequent offense exists only when accused has committed more than one offense of the same class.

The information in the present case charges a subsequent crime of burglary in the first degree. The district attorney of the lower court alleged and proved that accused had formerly served a term of one year in jail for an offense of petit larceny.

That accused was formerly convicted of the crime of larceny, for which he served a term in the district jail, was proved by a certificate of the Municipal Court of San Juan where the sentence was imposed, and by the testimony of the warden of the jail and the record of the jail showing that the accused had served that same sentence.

In *People* v. *Torres,* 39 P.R.R. 547, it is said: ''The district attorney having proved the former conviction, he was not required to prove also his allegations in regard to the matters mentioned, as the judgment must be presumed to be in full force and effect until otherwise shown and therefore the burden was on the defendant to prove the contrary as a matter of defense.'' This is sustained in 16 C. J. 1343, *State* v. *Rowan,* 146 Pac. 374, *Tall* v. *Commonwealth,* 110 S. W. 425, *State* v. *Findling,* 144 N. W. 142.

The appellant's allegation that the second offense must necessarily be with respect to acts exactly the same, as essential of the offense, is probably based in that the present information refers to the crime of burglary in the first degree while the former conviction was for a crime of petit larceny.

The judgment appealed from by which accused was sentenced to the maximum penalty provided in section 410 of

the Penal Code for the crime of burglary in the first degree, it being a subsequent crime, is in harmony with the provisions of section 57 of the same code (1937 ed.), which says:

"57. OFFENSE AFTER CONVICTION FOR PETIT LARCENY, ETC.—Every person who, having been convicted of petit larceny, or of an attempt to commit an offense which, if perpetrated, would be punishable by imprisonment in the penitentiary, commits any crime after such conviction, is punishable as follows:

"1. PUNISHABLE BY LIFE IMPRISONMENT.—If the subsequent offense is such that, upon a first conviction, the offender would be punishable by imprisonment in the penitentiary for life at the discretion of the court, such person is punishable by imprisonment in such prison during life.

"2. BY OTHER PENALTIES.—If the subsequent offense is such that, upon a first conviction, the offender would be punishable by imprisonment in the penitentiary for any term less than for life, such person is punishable by imprisonment in such prison for the longest term prescribed, upon a conviction for such first offense.

"3. If the subsequent conviction is for petit larceny, or for an attempt to commit an offense which, if perpetrated, would be punishable by imprisonment in the penitentiary, then such person is punishable by imprisonment in the penitentiary not exceeding five years."

The other questions raised by the appellant refer to apparent error of weighing of the evidence by the lower court. We have carefully examined the transcript of the evidence and we deem it amply sufficient to sustain the information, without having been able to find out that the lower court committed error.

The judgment apealed from must be affirmed.

Mr. Chief Justice Del Toro and Mr. Justice De Jesús took no part in the decision of this case.