[No. 27956. Department One. August 1, 1940.]

THE STATE OF WASHINGTON, *Respondent*, v.
OSCAR FURTH, *Appellant*.[1]

[1]Reported in 104 P. (2d) 925.

*Maurice Kadish,* for appellant.

*B. Gray Warner* and *John C. Merkel,* for respondent.

MILLARD, J.—The prosecuting attorney of King county filed an information April 22, 1939, charging Oscar Furth with commission of the crime of petit larceny in King county, April 19, 1939. Trial of the defendant to a jury resulted in verdict June 12, 1939, of guilty as charged.

The prosecuting attorney filed a supplemental information August 18, 1939, charging defendant was an habitual criminal by reason of two prior convictions of crime. The cause was stricken from the trial calendar and an amended supplemental information filed November 20, 1939, accusing Oscar Furth, as follows, of being an habitual criminal:

"He, said Oscar Furth, under the name of Joe Webber, in the District Court for the State of Utah, on the 14th day of August, 1925, was duly and legally convicted of the crime of Burglary in the Third Degree, said crime amounting to and being a felony at that time and at all times since under the laws of the State of Washington.

"He, said Oscar Furth, under the name of Oscar Furth, in the United States District Court for the Western District of Washington, Northern Division, on the 7th day of February, 1936, was duly and legally convicted of Unlawful Possession of Narcotics, said crime amounting to and being a felony at that time and at all times since under the laws of the State of Washington.

"He, said Oscar Furth, under the name of Oscar Furth, in the Superior Court of the State of California, City and County of San Francisco, on the 10th day of June, 1922, was duly and legally convicted of the crime of Unlawful Possession of Narcotics, said crime amounting to and being a felony at that time and at all times since under the laws of the state of Washington."

To the amended supplemental information, the defendant pleaded not guilty and requested trial by jury. The defendant's request for trial by jury on the charge of being an habitual criminal was denied on the ground that, while issues of fact were raised, the defendant was not charged with a crime. The court said:

"If the habitual criminal angle of this case was required to be submitted to a jury, that would end it. That matter goes merely to the penalty. The man had a trial by jury on the crime. There are two issues, of course, whether there were previous convictions, and if this is the man that was convicted. Your right to a jury of course is unquestioned where there is a charge of crime, but this merely goes to the matter of punishment.

"In the absence of any supplemental information the statute provides the penalty, but when brought to the attention of the court there have been these previous convictions, then the court imposes the augmented penalty.

". . . The man will be given a chance to defend himself and to offer evidence. In other words, there are two issues here, the previous convictions must be established, and is this the man who was convicted in these previous judgments, and on that, of course, he is entitled to have a hearing."

Our first habitual criminal statute (Laws of 1903, chapter 86, p. 125, Rem. Bal. Code, §§ 2177, 2178) provided for trial by jury of "the fact of such former conviction or convictions." Our present habitual criminal statute (Laws of 1909, chapter 249, p. 899, § 34, Rem.

4

Rev. Stat., § 2286 [P. C. § 8721]), which repealed chapter 86, Laws of 1903, reads as follows:

· "Every person convicted in this state of any crime of which fraud or intent to defraud is an element, or of petit larceny, or of any felony, who shall previously have been convicted, whether in this state or elsewhere, of any crime which under the laws of this state would amount to a felony, or who shall previously have been twice convicted, whether in this state or elsewhere, of petit larceny, or of any misdemeanor or gross misdemeanor of which fraud or intent to defraud is an element, shall be adjudged to be an habitual criminal and shall be punished by imprisonment in the state penitentiary for not less than ten years.

"Every person convicted in this state of any crime of which fraud or intent to defraud is an element, or of petit larceny, or of any felony, who shall previously have been twice convicted, whether in this state or elsewhere, of any crime which under the laws of this state would amount to a felony, or who shall previously have been four times convicted, whether in this state or elsewhere, of petit larceny, or of any misdemeanor or gross misdemeanor of which fraud or intent to defraud is an element, shall be punished by imprisonment in the state penitentiary for life."

. Trial was had to the court, sitting without a jury. A witness from the identification bureau of the office of the sheriff of King county, by comparison of the finger prints of defendant with finger prints from the records of the Utah state penitentiary, identified defendant as the Oscar Furth, alias Joe Webber, who was convicted in the state of Utah of the crime of burglary in the third degree and confined therefor in the Utah state penitentiary. Defendant objected to the evidence on the ground that no showing was made of defendant's commitment to, or release from, the Utah state penitentiary. The court found that defendant was duly and legally convicted in the state of Utah of the crime of burglary in the third degree; that said crime then and

at all times since amounted to a felony in this state; and that defendant is an habitual criminal. Judgment and sentence were entered accordingly. Defendant appealed.

Counsel for appellant first contends that no showing was made that appellant was convicted of a crime elsewhere which under the laws of this state would amount to a felony, therefore the court erred in holding that the crime of third degree burglary—there is no crime so designated in this state—in the state of Utah is a felony in this state.

Whether burglary in the third degree is a felony in this state, is determined by the laws of this state. If the indictment or information on which one is convicted states facts sufficient to constitute a felony within this state, the conviction comes within the meaning of Rem. Rev. Stat., § 2286, which reads in part as follows, and the pertinent portion of which we have italicized:

"Every person convicted in this state of any crime of which fraud or intent to defraud is an element, or of petit larceny, or of any felony, who shall previously have been convicted, whether in this state or elsewhere, of *any crime which under the laws of this state would amount to a felony,* . . . shall be adjudged to be an habitual criminal . . ."

The information on which Joe Webber, an alias of defendant, was convicted, charges the accused with the "crime of Burglary in Third Degree, committed as follows, to-wit:"

"The said defendant on August 11, 1925, in the day time, at the county of Weber, state of Utah, wilfully, unlawfully, feloniously and burglariously broke and entered the room of one George Fotos, said room being in the Panama Rooming House, situate at No. 2514 Lincoln Avenue, Ogden, Utah, with intent to commit larceny . . ."

6

A comparison of the foregoing information with our statute, reading as follows, discloses that the crime of burglary in the third degree in the state of Utah is the same as the crime of burglary in the second degree, a felony, in this state:

"Every person who, with intent to commit some crime therein shall, under circumstances not amounting to burglary in the first degree, enter the dwelling-house of another or break and enter, or, having committed a crime therein, shall break out of, any building or part thereof, or a room or other structure wherein any property is kept for use, sale or deposit, shall be guilty of burglary in the second degree and shall be punished by imprisonment in the state penitentiary for not more than fifteen years." Rem. Rev. Stat., § 2579 [P. C. § 8772].

■ Error is next assigned on denial of appellant's request for trial by jury on the charge of being an habitual criminal.

Counsel for the state argue that the original habitual criminal statute (Laws of 1903, chapter 86, Rem. Bal. Code, §§ 2177, 2178), which provided for trial by jury of the habitual criminal charge, was repealed by our present habitual criminal statute (§ 34, chapter 249, Laws of 1909, Rem. Rev. Stat., § 2286), in which there is no provision for trial by jury of the charge of being an habitual criminal; therefore appellant was not entitled to a trial by jury. It is insisted that appellant was not entitled to a trial by jury under § 22, Art. I, of the state constitution, which guarantees the right to trial by jury where the defendant is charged with the commission of an "offense," inasmuch as being an habitual criminal is not a criminal offense. This position, urges counsel for the state, is in harmony with the concurring opinion in *State v. Cotz,* 94 Wash. 163, 161 Pac. 1191, which was incorporated into the opinion in *State v. Kelch,* 114 Wash.

601, 605, 195 Pac. 1023, to the effect that the habitual criminal statute does not require a charge of a substantive crime necessitating submission of the question of prior convictions to a jury, but that the only question involved is a state of the record, either in the court where the charge is made, or some other court, and that the only plea open to one so charged is that of *nul tiel* record, or that the judgment has been satisfied in some way recognized by law.

*State v. Cotz, supra,* is inapposite. The only question raised on that appeal was as to the sufficiency of the information, which charged the crime substantially in the language of the statute. Appellant urged, unsuccessfully, that the information was insufficient in that it failed to affirmatively allege that the prior convictions were had in a court or courts of competent jurisdiction, and in that each step in the procedure from indictment or information to final judgment was not formally pleaded. The concurring opinion was addressed to a question not before the court in that case.

Neither is *State v. Kelch, supra,* in point. In that case, the defendant was convicted of grand larceny after trial before one judge sitting with a jury. Prior to being sentenced upon the conviction of grand larceny, he was convicted on a second or supplemental information charging him with being an habitual criminal, from having been three times convicted of crime. Upon this second information, the defendant was tried before another judge of the superior court for King county. Upon his plea to the second information, *he was placed upon trial before a jury,* and upon the record was convicted. He was then taken before the first judge, who had tried him upon the grand larceny charge, and was by that judge sentenced, as the law requires, to life imprisonment. We stated that the

statute (Rem. Rev. Stat., § 2286) providing for the punishment of habitual criminals who have twice before been convicted of felony, is not a supplemental, but a cumulative proceeding, and does not require the charge of a substantive crime; that the charge of being an habitual criminal was an independent charge and not a continuation of the previous prosecution for grand larceny, except that there had to be a previous conviction of grand larceny or some such charge before the subsequent charge would lie. The questions, which we decided in the affirmative, presented on that appeal were: (1) May the charge of being an habitual criminal be tried before a judge of another department of the court, before sentence on the third felony charge; and (2) after conviction of being an habitual criminal, may the accused be sent back for sentence to the judge who tried the last felony charge? There was no question in that case of the right to trial by jury of the charge of being an habitual criminal; in fact, the defendant was placed upon trial before a jury on the charge of being an habitual criminal.

Contrast *Rex v. Hunter,* [1921] 1 K. B. 555 (C. C. A.), in which it was held that the charge of being an habitual criminal was not a charge of a substantive offense; it was only for the purpose of enhancing the punishment for the principal offense. The court said that it followed, therefore, that there could not be separate juries trying the two issues, but that the same jury which tried the principal offense must also try the issue of the previous conviction.

Counsel for the state cite *State v. Le Pitre,* 54 Wash. 166, 103 Pac. 27, which is cited with approval in *State v. Johnson,* 194 Wash. 438, 78 P. (2d) 561, to the effect that the charge of being an habitual criminal does not constitute an offense in itself, but merely provides an increased punishment for the last offense.

In *State v. Le Pitre, supra,* the supplementary information was filed under the habitual criminal statute of 1903 (chapter 86, Laws of 1903, Rem. Bal. Code, §§ 2177, 2178), which provided for trial by jury. The following language from the opinion in *State v. Le Pitre, supra,* written by the author of the concurring opinion in *State v. Cotz, supra,* is interesting and informative, particularly that portion which stresses the preservation within the statute of the right of trial by jury on the charge of being an habitual criminal:

"The habitual criminal statute is a thing of modern creation, and while there are many rules of law which may seem inconsistent with its purpose and the procedure adopted to compass it, it is nevertheless sound in principle and sustained by reason. . . . it does no violence to any constitutional guarantee for the state to rid itself of depravity when its efforts to reform have failed. The act is not *ex post facto.* It does not deny the right of trial by jury. It does not put the offender twice in jeopardy. It does not inflict a double punishment for the same offense, . . . It merely provides an increased punishment for the last offense."

All that we held in *State ex rel. Edelstein v. Huneke,* 138 Wash. 495, 244 Pac. 721, was that, upon the last conviction of one accused of being an habitual criminal, it is premature for the court to sentence the accused for the last offense before trial and determination of the habitual criminal charge; and that the accused has no right to insist upon such sentence and appeal therefrom before the other charge is determined. On hearing *En Banc,* we held (*State ex rel. Edelstein v. Huneke,* 140 Wash. 385, 249 Pac. 784, 250 Pac. 469) that under the habitual criminal statute (Rem. Rev. Stat., § 2286), which makes no provision for the procedure, no constitutional right of the accused is violated by charging and trying the two issues separately, in view of the long established practice in this state and the fact

that a separate trial for the offense committed is saved from the danger of prejudice through combining it with an habitual criminal charge.

In *State v. Kirkpatrick*, 181 Wash. 313, 43 P. (2d) 44, we held that, where defendant is charged in one information with the crimes of burglary, grand larceny, and of being an habitual criminal, it is prejudicial error to place before the jury the habitual criminal charge during the trial of the substantive offenses. See, also, *State v. Fowler*, 187 Wash. 450, 60 P. (2d) 83.

In *State v. Delano*, 189 Wash. 230, 64 P. (2d) 511, the defendant appealed from a conviction of the crime of forgery and being an habitual criminal. We held that, under Rem. Rev. Stat., § 2286, an habitual criminal charge may be joined in the same information charging the substantive offense, if upon a separate paper and not called to the attention of the jury until after verdict, when, if convicted on the substantive charge, the accused may be tried on the habitual criminal charge before the same jury.

On a charge of being an habitual criminal, is the question of defendant's prior conviction an issue of fact to be determined by the jury? The weight of authority answers that question, which is one of first impression in this state, in the affirmative.

The trial court recognized that, by appellant's plea of not guilty to the charge of being an habitual criminal, two issues of fact were presented: (1) Were there previous convictions? (2) Was appellant the man who was the subject of those convictions? It was incumbent upon the state to prove the necessary elements of the charge—that prior judgments of conviction had been rendered and that the person named therein was the same person who was on trial for being an habitual criminal. The question of identity, it will hardly be

disputed, is a question of fact. *State v. Harkness,* 1 Wn. (2d) 530, 96 P. (2d) 460.

Where previous convictions are charged in an information for the purpose of enhancing the punishment of the defendant, such convictions must be proved beyond a reasonable doubt, since the fact of the prior convictions is to be taken as an essential element of the offense charged, at least to the extent of aggravating it and authorizing an increased punishment. *People v. Reese,* 258 N. Y. 89, 179 N. E. 305, 79 A. L. R. 1329.

Commencing at page 59 of Vol. 58 A. L. R., the authorities are collected in support of the editor's statement that, on a charge of a second or subsequent offense, the question of a prior conviction is an essential element of the offense charged and is an issue of fact to be determined by the jury. The authorities cited are the highest courts of Alabama, Connecticut, Florida, Georgia, Idaho, Illinois, Iowa, Kentucky, Louisiana, Maryland, Minnesota, Montana, Nebraska, New York, Pennsylvania, Utah, and Wisconsin.

In *State v. O'Neill,* 76 Mont. 526, 248 Pac. 215, it was held that, in order to convict the defendant of a subsequent offense and to authorize the enhanced punishment under the Montana statute, it was necessary for the jury to pass on the question of the prior conviction which constituted a part of the offense charged and this had to be done even if the defendant confessed the fact of the prior conviction. It is stated that the reason for this is that, by the Montana statute, the jury is required to fix the punishment within the limits set down by the legislature; and the further reason is that no section of the statute provided that, on confession of the prior conviction, all knowledge and evidence thereof must be kept from the jury.

In *Rex v. Norman,* [1924] 2 K. B. 315 (C. C. A.), it was held that, where an offender was charged with be-

ing an habitual criminal and did not admit the charge, it was always a question for the jury to determine whether he was an habitual criminal.

In *Green Bay Fish Co. v. State,* 186 Wis. 330, 202 N. W. 667, it was held that, in order to impose a sentence for the enhanced punishment, there must be proof of prior convictions and the question must be tried by the jury; the court can not take judicial knowledge of such fact, and to do so would be inconsistent with the right of the accused to meet his witnesses face to face.

In *State v. Smith,* 129 Iowa 709, 106 N. W. 187, 4 L. R. A. (N. S.) 539, it was held that the fact of the two prior convictions was a part and element of the present action, and that it constituted an issue of fact to be passed on by the jury as any other issue of fact, and required a return by the jury of a special finding as to that issue.

In *State v. Bailey,* 165 La. 341, 115 So. 613, 58 A. L. R. 1, it was held, under the Louisiana statute providing that the judge may sentence any person convicted for a second or subsequent offense to a double or triple penalty or to perpetual imprisonment for the fourth offense, that the proof of the former convictions must be heard and passed on by the jury, since the jury alone has authority to subject an accused party to a greater penalty for the subsequent conviction.

In *State v. Compagno,* 125 La. 669, 51 So. 681, it was held that the fact of a prior conviction was an essential element of the offense charged, for it was the basis of the sentence for increasing the punishment; and it had to be tried and proved before a jury as any other issue of fact.

We note that, in a later opinion (*State v. Guidry,* 169 La. 215, 124 So. 832), the supreme court of Louisiana (without noticing its prior holdings) held that the

statute providing for increased punishment for second offenders does not require that proceeding to so punish be tried by a jury, since, though the questions involved are purely questions of fact, they do not relate to the question of the guilt or innocence of the defendant. The court said:

"The act itself does not expressly require, nor does the language by fair implication authorize, the submission to a jury of the fact as to whether the defendant was a second offender."

In *Hall v. State,* 121 Md. 577, 89 Atl. 111, in construing a statute providing for an enhanced punishment for subsequent offenders, the court held that the jury must find specially as to the fact of a prior conviction; that it was the province of the jury to consider only the identity of accused with the person named in the former conviction; that the question of guilt or innocence of the accused as to the prior conviction was not in issue.

Under § 5486 of the Laws of Florida, a first offense was a misdemeanor and a second offense a felony. In *State ex rel. Lockmiller v. Mayo,* 88 Fla. 96, 101 So. 228, the court said that, whether the section intended to prescribe merely increased punishment for habitual offenders or create a new offense, a felony, for a second violation of the act, the allegation of a prior conviction was a necessary element in the so-called felony; that the prior conviction was an element to be proved; but it was not an element in the sense that the defendant's guilt or innocence of the first violation of the act was subject to inquiry of and determination by the jury. It was also held that the jury should find on each issue, the alleged principal offense, and the prior conviction.

In *Osborne v. State,* 115 Neb. 65, 211 N. W. 179, it was held that the alleged fact of prior convictions was an issue for the consideration of and determination by

the jury, and that the identity of the accused also had to be determined.

Alabama subscribes to the minority rule. In *Lyles v. State,* 18 Ala. App. 62, 88 So. 375, it was held that the evidence of a prior conviction should not be submitted to the jury; that the proper and only thing to do after·defendant's conviction for the second or subsequent offense is for that fact to be brought to the attention of the court; for the court only has the right, and it is the duty of the court, in determining what hard labor punishment it will inflict upon defendant, to ascertain for itself, from the records or other legitimate source, whether the defendant had been previously convicted of violation of the prohibition law.

The supreme court of Kansas held in *Levell v. Simpson,* 142 Kan. 892, 52 P. (2d) 372, and in *Glover v. Simpson,* 144 Kan. 153, 58 P. (2d) 73, that, after a verdict of guilty is rendered against a person on trial for a crime, and when fact of his former conviction is under judicial ascertainment in order to impose the proper sentence upon him, he is not entitled to a jury trial on the question whether he had theretofore been convicted of such prior felony.

Commencing at page 365, Vol. 82, A. L. R., is a supplement to the annotation in 58 A. L. R. 59, respecting the right of trial to a jury of the issue of prior conviction. The following recent cases are cited in support of the rule that, on a charge of subsequent offense, the question of a prior conviction is an essential element of the offense charged and is an issue of fact to be determined by the jury:   *State v. McGee,* 207 Iowa 334, 221 N. W. 556; *State v. Dalton,* 23 S. W. (2d) (Mo.) 1; *State v. Schneider,* 325 Mo. 486, 29 S. W. (2d) 698; *State v. Bresse,* 326 Mo. 885, 33 S. W. (2d) 919; *Johnston v. State,* 46 Okla. Crim. 431, 287 Pac. 1068; *Grider v. State,*

49 Okla. Crim. 151, 295 Pac. 400; *Tipton v. State,* 160 Tenn. 664, 28 S. W. (2d) 635.

In *State v. Cardwell,* 332 Mo. 790, 60 S. W. (2d) 28, cited at page 228 of 116 A. L. R., supplementing annotations in 58 A. L. R. 59 and 82 A. L. R. 365, it is recited that the supreme court of Missouri held that the issue of defendant's prior conviction must be submitted to the jury notwithstanding the defendant's admission as to such prior conviction.

The general rule that, on a charge of a second or subsequent offense, the question of a prior conviction is an issue of fact to be determined by the jury, was followed in *State v. Beaudoin,* 131 Me. 31, 158 Atl. 863, 85 A. L. R. 1101, and *Burnham v. State,* 127 Neb. 370, 255 N. W. 48.

In *Metzger v. State,* decided in 1938, 214 Ind. 113, 13 N. E. (2d) 519, it was held that charging a jury that it must find beyond a reasonable doubt that the defendant was the same person charged to have been previously convicted, and also that the evidence of such conviction must be beyond reasonable doubt, was not erroneous.

Pages 1107 *et seq.* of 85 A. L. R. list the authorities sustaining the position that the question of identity is one of fact for the jury.

"The record of a former conviction is not sufficient alone to show that defendant in the present prosecution was formerly convicted. It must be shown by evidence independent of the record of the former conviction that the person whose former conviction is proved is the defendant in the present prosecution. The state has the burden of producing evidence to prove such identity. A transcript of former conviction which fails to show jurisdiction of the person will not sustain charge of former conviction. The question whether the person who was convicted at the former trial is identical with the person who is now accused, and who is now on trial, is for the jury." Underhill's Crim. Evidence (4th ed.), 1500-1501, § 829.

In support of the text that the question of identity is for the jury, cases of the courts of the United States supreme court, United States district courts, and the supreme courts of Georgia, Illinois, Iowa, Maine, Minnesota, Montana, Nebraska, New York, Tennessee, Vermont, Virginia, and this state, are cited.

The habitual criminal statute of the state of Missouri, which does not authorize a conviction on a charge of being an habitual criminal and itself creates no offense, but only prescribes additional punishment based on the offender's crime, reads as follows:

"If any person convicted of any offense punishable by imprisonment in the penitentiary, or of any attempt to commit an offense which, if perpetrated, would be punishable by imprisonment in the penitentiary, shall be discharged, either upon pardon or upon compliance with the sentence, and shall subsequently be convicted of any offense committed after such pardon or discharge, he shall be punished as follows: First, if such subsequent offense be such that, upon a first conviction, the offender would be punishable by imprisonment in the penitentiary for life, or for a term which under the provisions of this law might extend to imprisonment for life, then such person shall be punished by imprisonment in the penitentiary for life; second, if such subsequent offense be such that, upon a first conviction, the offender would be punished by imprisonment for a limited term of years, then such person shall be punished by imprisonment in the penitentiary for the longest term prescribed upon a conviction for such first offense; third, if such subsequent conviction be for an attempt to commit an offense which, if perpetrated, would be punishable by imprisonment in the penitentiary, the person convicted of such subsequent offense shall be punished by imprisonment in the penitentiary for a term not exceeding five years." Mo. Rev. Stat., 1919, § 3702.

It will be noted that the Missouri statute, like ours, contains no provision for trial by jury of the charge of being an habitual criminal.

In *State v. Bresse*, 326 Mo. 885, 33 S. W. (2d) 919, an information was filed charging the defendant with the theft of a Ford automobile and a prior conviction of burglary and larceny. The supreme court held that the habitual criminal act quoted above does not authorize a conviction on a charge of being an habitual criminal or of itself create a crime, but, if its essential elements are present and proved, it prescribes a greater punishment upon a finding by the jury that defendant is guilty of the offense on trial; and that the issue of the defendant's prior conviction must be submitted to the jury notwithstanding his admission as to it. The court said:

"Section 3702, Revised Statutes 1919, is known as the habitual criminal act. However, it does not authorize a conviction on a charge of being an habitual criminal, and itself creates no offense, but only prescribes additional punishment based on the offender's crime. [*State v. Collins*, 266 Mo. 93, 180 S. W. 866.]

"With the above section and our interpretation of it probably in mind, the defendant, after the swearing of the jury and without their presence, prior to the State's opening statement, offered to admit the previous conviction of defendant as charged, his sentence and compliance therewith and discharge from the penitentiary, and, in pursuance to said offer, requested the court to require the State's attorneys to refrain from informing the jury of said former conviction by mentioning it in their opening statement or by reading the portion of the information referring to it or by introducing evidence relative thereto, and authorized the court to instruct the jury that, if he was found guilty on the charge of stealing Townsend's car, they were to assess defendant's punishment at twenty-five years' imprisonment in the state penitentiary. The theory of defendant was that his offer to the court covered all that the State expected to prove, and that evidence as to his former conviction would only prejudice and inflame their minds against defendant as to the charge on trial.

"Defendant was on trial for a felony, that of partici-

pating in the theft of a motor car. It is true that Section 3702 of itself creates no offense, but, if its essential elements are present and proved, it does prescribe a greater punishment upon the jury finding defendant guilty of the offense on trial.

"The finding of facts, under our procedure, is the function of the jury, and this includes the ultimate finding of guilt, and primarily the assessment of the punishment. In a felony case, a defendant can not consent to a trial before the court without the intervention of a jury. [*State v. Talken,* 316 Mo. 596, 292 S. W. 32.] In effect, the court's assent to defendant's offer would have been tantamount to a trial in part before the court and an usurpation of the function of the jury. It would have resulted in the cause being tried partly by the court and partly by the jury. Notwithstanding defendant's tentative admission, it was the function of the jury to pass upon defendant's previous conviction and the court's consent to the offer would have usurped that function. To sustain a conviction under Section 3702, supra, it was necessary for the State to plead and prove the essential elements of said section, and it was necessary for the jury to find them. [*State v. Schneider* (Mo. Sup.), 29 S. W. (2d) 698; *State v. Dalton* (Mo. Sup.), 23 S. W. (2d) 1.] The assessment of the punishment was primarily a function of the jury, subject to their discretion and finding within the limits fixed by the statute, and we think the jury were entitled to know and have before them every essential fact that would tend to aid them in determining the punishment." *State v. Bresse,* 326 Mo. 885, 33 S. W. (2d) 919.

The constitution (Art. I, § 21, state constitution) guarantees that the "right of trial by jury shall remain inviolate," but the legislature may provide for waiving of the jury in civil cases where the consent of the parties interested is given thereto.

It is unnecessary to cite authority in support of the statement that the word "inviolate," as used in the above-quoted constitutional provision, means freedom from substantial impairment. The question whether

the legislature may provide for waiving of the jury in criminal cases, is not before us. Neither are we confronted by the question whether a defendant in a criminal case may waive trial by jury. The word "inviolate," as employed in the above-quoted section, does not prohibit modification of the details of administration which does not affect enjoyment of the right of trial by jury, a right sometimes figuratively designated as "the jewel of Anglo-Saxon jurisprudence."

Under the above-quoted section of our constitution, the courts cannot trench on the province of the jury upon questions of fact. It is the function of the jury—not the court—to settle disputed issues of fact. The jury does not determine the guilt or innocence of the accused of the previous crimes charged. The issues of fact were whether there were previous convictions and whether appellant was the subject of those convictions. On a charge of a second or subsequent offense, the question of a prior conviction is an issue of fact to be determined by the jury.

The inclusion in the 1903 habitual criminal statute (Rem. Bal. Code, §§ 2177, 2178) of a provision for trial by jury was merely declaratory of the right the defendant had. When that statute was repealed in 1909 (Rem. Rev. Stat., § 2286), the omission from the present habitual criminal statute (Rem. Rev. Stat., § 2286) of the provision for trial by jury of the charge of being an habitual criminal, did not thereby divest the appellant of his right to trial by jury of the disputed issues of fact.

Finally, it is contended that the court erred in not requiring proof that appellant had been released from the Utah state penitentiary. The assignment is without substantial merit. It can not be denied that appellant was present in court, which is *prima facie* evidence of his release; however, if appellant is again placed on

trial, doubtless satisfactory evidence to prove appellant's confinement in and discharge from the Utah state penitentiary will be forthcoming.

The judgment is reversed.

BLAKE, C. J., STEINERT, ROBINSON, and SIMPSON, JJ., concur.

[1]Reported in 104 P. (2d) 912.